UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITE HERE RETIREMENT FUND and TRUSTEES OF THE UNITE HERE RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | CIVIL ACTION NO. 20-3319<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint complaining of Defendant, the City of San Jose, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action by an employee benefit fund to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. Plaintiff, UNITE HERE Retirement Fund ("Fund"), is established and maintains a plan ("Legacy Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Legacy Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Plaintiffs Trustees of the Fund are members of a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5) ("Trustees of the Fund"). The Board of Trustees administers the Fund and is the "plan sponsor" with respect to the Legacy Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Legacy Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6. Plaintiffs Trustees of the Fund exercise discretionary authority, control, and responsibility with respect to management and administration of the Fund and the Legacy Plan and the disposition of Fund assets. As such, Plaintiffs Trustees are fiduciaries with respect to the Legacy Plan and the Fund, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     Upon information and belief, Defendant the City of San Jose ("San Jose") is a municipality having or having had its principal place of business in the State of California at 200 East Santa Clara Street, 16th Floor Tower, San Jose, California 95113-1905.

8.     Upon information and belief, Defendant San Jose was obligated to make contributions to the Fund on behalf of certain individuals who were employed at the Dolce Hayes Mansion ("Hayes Mansion") through approximately January 2019.  As an entity with an obligation to contribute, Defendant San Jose is an employer for purposes of the imposition of withdrawal liability within the meaning of Section 4212(a) of ERISA, 29 U.S.C. § 1392(a).

### AS AND FOR A FIRST CLAIM
### AGAINST DEFENDANT CITY OF SAN JOSE

9.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 8 of this Complaint with the same force and effect as if set forth at length herein.

10.    Upon information and belief, in or around January 2019, Defendant San Jose permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Legacy Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

11.    As a result of its complete withdrawal from the Plan, Defendant San Jose became liable to the Fund for withdrawal liability in the principal amount of $1,136,944.00 pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

12.    After determining the amount of the withdrawal liability owing to the Fund by Defendant San Jose, on or about June 13, 2019, the Fund notified Defendant San Jose of the amount of the withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). The Notice and Demand was sent via United States Postal Service with a return receipt requested which was

3

returned indicating the letter was received. A true copy of the June 13, 2019 Notice and Demand letter with the signed return receipt is attached hereto as Exhibit A.

14.     Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, Defendant San Jose was required to make eighty (80) quarterly withdrawal liability payments in the amount of $21,744.50 each. The first such quarterly payment was due on or before August 1, 2019.

15.     By letter dated August 8, 2019, the Fund notified Defendant San Jose that it had failed to make the first quarterly withdrawal liability payment due on or before August 1, 2019 and that, if such failure was not cured within sixty (60) days, Defendant San Jose would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) ("Notice of Overdue Payment"). The Notice of Overdue Payment was sent via United States Postal Service with a return receipt requested which was returned indicating the letter was received. A true copy of the August 8, 2019 Notice of Overdue Payment letter along with the signed return receipt is attached hereto as Exhibit B.

16.     To date, the Fund has not received a payment from Defendant San Jose for any quarterly payment.

18.     By reason of its failure to make the withdrawal liability payment within sixty (60) days of receipt of the Fund's Notice of Overdue Payment, Defendant San Jose is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of Defendant San Jose's withdrawal liability due under the Notice and Demand.

19.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from the due date of the first missed quarterly liability payment from Defendant San Jose calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

20. Plaintiffs are entitled to collect liquidated damages, attorneys' fees, and costs from Defendant San Jose calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order and Judgment that:

a. Defendant San Jose is liable to the Fund for withdrawal liability in the principal amount of $1,136,944.00; and

b. Defendant San Jose is liable to the Fund for interest on the outstanding withdrawal liability set forth in paragraph (a) herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Fund's rules and regulations; and

c. Defendant San Jose is liable to the Fund for liquidated damages pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ I 132(g)(2)(C) and 1451(b) and the Fund's rules and regulations; and

d. Defendant San Jose is liable to the Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b) and the Fund's rules and regulations; and

e. Any such other legal and equitable relief as the Court deems appropriate.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
CASSIE R. EHRENBERG, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

April 28, 2020